UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARK WALLACE,                               :
              Petitioner,      :
                                  :   **MEMORANDUM OPINION**
v.                                          :   **AND ORDER**
                                  :
CATHERINE JACOBSON,                         :   18 CV 2905 (VB)
              Respondent.      :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated June 16, 2020 (Doc. #19), on Mark Wallace's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Dutchess County Court, petitioner was convicted of two counts of criminal possession of a controlled substance in the third degree, and sentenced as a second felony offender to ten years' imprisonment and three years' post-release supervision. The trial court denied requests for post-conviction relief, and petitioner appealed to the Appellate Division, Second Department, which affirmed his conviction. The Court of Appeals denied petitioner's application for leave to appeal, and the United States Supreme Court denied his petition for a writ of certiorari. Thereafter, petitioner filed two applications for writs of coram nobis with the Appellate Division, both of which were denied. The Court of Appeals denied petitioner's requests for leave to appeal.

      The parties' familiarity with the factual and procedural background of this case is presumed.

      The magistrate judge recommended that the petition be denied in its entirety. For the reasons set forth below, the Court agrees with the magistrate judge. Accordingly, the R&R is adopted as the opinion of the Court and the petition is DENIED.

1

I.	Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo those portions of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates their original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that, in adjudicating his claim on

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)–(2).  The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent.  Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008).  Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review.  28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

      Petitioner filed objections to the R&R.  (Doc. #20).  Those objections restate petitioner's original arguments concerning the prosecution's alleged failure to disclose exculpatory evidence.  Upon de novo review, the Court finds petitioner's objections to be without merit.  The Court has carefully reviewed the R&R and the underlying record, and finds no error, clear or otherwise.

II.      Petitioner's Objections

      In his objections to the R&R, petitioner argues, as he did in his petition, that the prosecutor failed to disclose exculpatory evidence prior to trial, as required by Brady v. Maryland, 373 U.S. 83 (1963)—specifically, an audiotape of a police transmission confirming he was in custody, and a letter from the New York State Police Forensic Investigation Center concerning the results of a DNA analysis.  These objections mirror the argument he made in his

petition, namely that his state appellate counsel was constitutionally ineffective for failing to raise the alleged withholding of exculpatory evidence on appeal.

To succeed on a claim of ineffective assistance of counsel, petitioner must show that (i) his counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687–88 (1984), and (ii) there is a "reasonable probability" that but for his counsel's poor performance, the outcome would have been different, id. at 694.  Because the Appellate Division already considered this argument, under AEDPA, petitioner can only succeed if he demonstrates the Appellate Division's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an "unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)–(2).

Petitioner cannot meet either prong of the Strickland test.

First, as Judge McCarthy found, appellate counsel's representation did not fall below an objective standard of reasonableness.  Counsel's appellate brief raised twelve separate arguments on direct appeal, and his decision not to assert prosecutorial misconduct was reasonable because he considered the argument "'frivolous, slanderous and unethical' since there was no evidence supporting this claim in the record."  (R&R at 28) (citing appellate counsel's affirmation in opposition to petitioner's application for a writ of coram nobis).

Second, petitioner cannot establish he was prejudiced by his counsel's failure to raise the Brady issue on appeal.  Petitioner's argument that the post-trial disclosure of a positive DNA match to his shirt would have altered his trial strategy and emphasized that there had been no positive DNA match to other pieces of evidence is unconvincing.  That there was a positive DNA match on petitioner's shirt did not alter the fact that samples taken from the critical pieces of evidence, the eyeglass case or baseball cap, were inconclusive and could not be compared

4

with any DNA sample. (R&R at 31; Doc. #13-28 at 8, 11). Furthermore, it is unlikely this evidence would have had any impeachment value against the prosecution's DNA expert because petitioner admitted he was wearing the shirt from which the expert obtained a definitive DNA match. (R&R at 31–32; Doc. #13-65 at 693–94). Similarly, petitioner has not shown additional DNA testing would have been favorable to him, even if he had retained his own analyst.

Moreover, with respect to the prosecution's failure to disclose the audiotape of a police radio transmission, as Judge McCarthy explained, the belatedly produced audiotape merely indicated that petitioner was in police custody. (R&R at 9; Doc. #13-28 at 8–9). His claim that this recording constituted Brady material is conclusory, and petitioner does not explain how its disclosure would have "undercut the testimony" of two members of the Poughkeepsie Police Department. (Doc. #20 at 4–5).

Petitioner has thus failed to demonstrate he was prejudiced by his counsel's failure to raise the alleged Brady issue on appeal. As such, petitioner cannot show the Appellate Division's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2); see also, People v. Wallace, 158 A.D.3d 827 (2d Dep't 2018); People v. Wallace, 142 A.D.3d 1192 (2d Dep't 2016); People v. Wallace, 128 A.D.3d 866 (2d Dep't 2015).

Because petitioner made no objection to the other portions of the R&R, the Court has reviewed those portions for clear error. Finding no error, the Court adopts those portions of the R&R.

## CONCLUSION

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to petitioner at both of the following addresses:[2]

Mark Wallace
13-A-2565
P.O. Box 1365
Bronx, NY  10451

Mark Wallace
13-A-2565
P.O. Box 1365
Bronx, NY  10461

Dated: November 4, 2020            SO ORDERED:
       White Plains, NY

_____
Vincent L. Briccetti, U.S.D.J.

---

[2] By letter dated November 12, 2018, petitioner advised the Court that his new address was P.O. Box 1365, Bronx, NY 10451, and the Clerk updated petitioner's address on the docket accordingly.  (Doc. #17).  However, the return address noted on petitioner's objections to the R&R is P.O. Box 1365, Bronx, NY 10461.  Because of the discrepancy in zip codes, the Court will mail a copy of the Memorandum Opinion and Order to petitioner at both addresses.